IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY WILLIAMS and
CLAUDIA MILLAN,

Plaintiffs,

v. Civ. No. 08-876 JP/WDS

CITY OF BELEN, and OFFICERS
ENRIQUE VALDEZ, VICTOR CASTILLO,
SCOTT MCCLOUD AND J.P. ABEITA in
their official and individual capacities,

Defendants.

MEMORANDUM OPINION AND ORDER

On February 25, 2009, Defendants filed Defendants' Motion to Dismiss Counts IV, V, VI, and VII of Plaintiffs' Complaint (Doc. No. 21). On March 30, 2009, more than two months after the January 15, 2009 deadline for amending pleadings, Plaintiffs filed Plaintiffs' Motion for Leave to Amend the Complaint (Doc. No. 43). Plaintiffs seek in the motion to amend to modify Counts V, VI, and VII in order to prevent dismissal of those Counts under the motion to dismiss. Having reviewed the briefs and the relevant law, the Court determines that Plaintiffs' Motion for Leave to Amend the Complaint (Doc. No. 43) should be denied as untimely.

*A. Background*

Plaintiffs base this case on an alleged use of excessive force to effect an arrest and on alleged unlawful searches of a home. Plaintiffs assert that the Fourth Amendment was violated in contravention of 42 U.S.C. §1983, Art. II §10 of the New Mexico Constitution was violated, and various state torts were committed.

Plaintiffs allege in the original Counts V, VI, and VII of their complaint (Doc. No. 3-3) that Defendant City of Belen was negligent in its hiring, retention, and training of the Defendant Officers.[1] Plaintiffs request that they be allowed to amend Counts V, VI, and VII to add several allegations.[2] First, Plaintiffs request that they be allowed to allege that Defendant City of Belen acted generally through Belen Police Chief Mike Chavez, an individual not mentioned or named in the original complaint. Second, Plaintiffs request that they be allowed to allege that "the City of Belen through Police Chief Mike Chavez knew or should have known that Officer Castillo had used excessive force against Gilbert Garcia, yet continued to retain Officer Castillo in its employ and failed to supervise him appropriately." Ex. A, proposed amended complaint at 8, ¶8 (attached to Plaintiffs' Motion for Leave to Amend the Complaint). Third, Plaintiffs request that they be allowed to allege that "[s]upervising officers J.P. Abeita and Victor Castillo had a duty to make sure that officers on scene at the Millan residence followed procedure and did not use excessive force;" that "J.P. Abeita and Victor Castillo breached their duties to make sure that procedures were followed and that officers did not use excessive force;" and that "[s]aid breach of duties was the proximate cause of the injuries Plaintiffs' [sic] incurred." *Id*. at 8-9, ¶¶11-13.

---

[1]On April 27, 2009, Plaintiff Claudia Millan, as a guardian of Jamie Millan (a minor), stipulated to the dismissal of claims she brought on behalf of Jamie Millan against Defendants City of Belen and Officer Enrique Valdez. Stipulated Order to Dismiss Claims of Jaime Millan (Doc. No. 60).

[2]Although Plaintiffs attached a proposed amended complaint to their motion to amend, Plaintiffs also attached to their reply brief a second, different proposed amended complaint. The subject of the pending motion to amend is the first proposed amended complaint a copy of which was attached to the motion to amend. Plaintiffs' attempt to propose yet another amended complaint accompanying their reply is not well-taken by the Court. If Plaintiffs want to propose a second amended complaint, Plaintiffs are required to file an appropriate motion under the Federal Rules of Civil Procedure which would allow the Defendants an opportunity to respond to the second proposed amended complaint. Attaching a second proposed amended complaint to a reply does not permit Defendants that opportunity to respond.

Defendants argue that the motion to amend should be denied for two reasons. First, Defendants contend that the motion to amend is untimely. Specifically, Defendants note that about seven months elapsed from the time the Plaintiffs filed the original complaint and the time they filed the motion to amend. In addition, Plaintiffs did not comply with the January 15, 2009 scheduling deadline for amending pleadings. *See* Joint Status Report and Provisional Discovery Plan (Doc. No. 8), filed Nov. 12, 2008; Order Adopting Joint Status Report and Provisional Discovery Plan (Doc. No. 10), filed Dec. 10, 2008. Second, Defendants contend that it would be futile to amend Counts V, VI, and VII because the proposed amended complaint does not name Belen Police Chief Mike Chavez as a defendant.

*B. Discussion*

Plaintiffs' motion to amend implicates both Fed. R. Civ. P. 15(a) which governs motions to amend pleadings and Fed. R. Civ. P. 16(b)(4) which states that a court's scheduling order "may be modified only for good cause and with the judge's consent." *See also* D.N.M. LR-Cv 16.1 ("Modification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval."). The Tenth Circuit has not addressed how Rules 15(a) and Rule 16(b) should be applied in a case like this where a plaintiff wants to amend the complaint after the scheduling order deadline allowing the amendment of pleadings has expired. *See U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)(Tenth Circuit explicitly did not address issue of whether Rule 16(b)(4) must be applied when a party seeks to amend a pleading beyond the deadline for doing so). The Honorable Chief United States District Judge Martha Vazquez, however, addressed that precise issue in *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D. N.M. 2002). Judge Vazquez noted that "several other Courts of Appeals have explicitly held that a motion to amend a pleading, filed

after the deadlines imposed by a scheduling order, is governed by the 'good cause' standard of Rule 16(b) rather than the more lenient Rule 15(a) standard." *Id.* "'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Id.* (quoting *Bradford v. DANA Corp.*, 249 F.3d 807,809 (8th Cir. 2001)). Under this standard, "the Court may grant leave to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "'[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Id.* (quoting *Johnson*, 975 F.2d at 609). The Ninth Circuit in *Johnson*, 975 F.2d at 609 (citation omitted), a case favorably cited to by Judge Vazquez, further explained that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." The Court finds Judge Vazquez's rationale in *Rowen* persuasive and will apply the Rule 16(b)(4) standard first to decide if Plaintiffs' request to amend the complaint is timely.[3] If Plaintiffs succeed in showing good cause for modifying the deadline for amending pleadings, then the Court will apply Rule 15(a) to determine if it would be appropriate to grant the motion to amend.

Plaintiffs do not dispute that they have not adhered to the deadline for amending pleadings. Plaintiffs argue, instead, that allowing them to amend the complaint would not

---

[3]The Court notes that the Honorable United States District Court Judge M. Christina Armijo has also adopted Judge Vazquez's reasoning and analysis in *Rowen* regarding the interplay of Rules 15(a) and 16(b)(4). *See Miller ex rel. S.M. v. Board of Educ. of Albuquerque Public Schools*, 455 F.Supp.2d 1286, 1304 (D. N.M. 2006).

interfere with the case's management, i.e., that granting the motion to amend would not prejudice Defendants. For example, Plaintiffs contend that the parties have tentatively agreed to ask the United States Magistrate Judge to extend the discovery deadline and Defendants would merely have to respond to timely discovery they already have objected to. Moreover, Plaintiffs note that the United States Magistrate Judge on April 22, 2009, in effect, stayed discovery regarding Counts V, VI, and VII until the motion to dismiss is ruled upon. Order (Doc. No. 57).

Plaintiffs, however, fail to discuss at all whether they diligently attempted to meet the deadline for amending pleadings. It appears from the Plaintiffs' response to the motion to dismiss and from Plaintiffs' motion to amend that Plaintiffs did not realize prior to the Defendants' filing of the motion to dismiss that they had not correctly plead Counts V, VI, and VII. No impediments stood in Plaintiffs' way prior to the deadline to amend pleadings which would have hindered their ability to have timely moved to amend their complaint. As the Ninth Circuit stated in *Johnson*, 975 F.2d at 609, carelessness does not suffice to show good cause. Without a showing that the deadline for amending pleadings could not have been "reasonably ... met despite the diligence of the party seeking the extension," the Court cannot find that Plaintiffs have shown good cause to extend that scheduling deadline. Consequently, Plaintiffs' motion to amend is untimely and will denied for that reason. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)(district courts may deny leave to amend for reasons such as "undue delay.").

IT IS ORDERED that Plaintiffs' Motion for Leave to Amend the Complaint (Doc. No. 43) is denied.

James A. Parker

SENIOR UNITED STATES DISTRICT JUDGE