IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY WILLIAMS and
CLAUDIA MILLAN,

    Plaintiffs,

v.                                                Civ. No.  08-876 JP/WDS

CITY OF BELEN, and OFFICERS
ENRIQUE VALDEZ, VICTOR CASTILLO,
SCOTT MCCLOUD AND J.P. ABEITA in
their official and individual capacities,

    Defendants.

MEMORANDUM OPINION AND ORDER

On February 25, 2009, Defendants filed Defendants' Motion to Dismiss Counts IV, V, VI, and VII of Plaintiffs' Complaint (Doc. No. 21).  Having reviewed the briefs and the relevant law, the Court determines that Defendants' Motion to Dismiss Counts IV, V, VI, and VII of Plaintiffs' Complaint should be granted and those Counts should be dismissed with prejudice. In addition, the Court will *sua sponte* dismiss without prejudice the Fourth Amendment claims brought in Count II and will *sua sponte* dismiss with prejudice the 42 U.S.C. §1983 claims alleged in Count III against the Defendant Officers in their official capacities.[1]

---

[1] The Court notes that on April 27, 2009, Plaintiff Claudia Millan, as a guardian of Jamie Millan (a minor), stipulated to the dismissal of claims she brought on behalf of Jamie Millan against Defendants City of Belen and Officer Enrique Valdez.  Stipulated Order to Dismiss Claims of Jaime Millan (Doc. No. 60).

*A. Background*

    *1. Factual Allegations in the Complaint*

On October 19, 2007, Plaintiff Timothy Williams, a mentally ill person, "kicked a broken down police car" apparently located outside the Belen Police Department. Complaint for Personal Injury, Violation of Plaintiffs' Fourth Amendment Rights, Violation of Plaintiffs' Rights Under Article II §10 of the Constitution of the State of New Mexico, Violation of 42 U.S.C. §1983, Infliction of Emotional Distress (Complaint) at ¶8 (attached to Notice of Removal of State Action to the United States District Court for the District of New Mexico (Doc. No. 3), filed Sept. 29, 2008). Defendant Officer Enrique Valdez, in plain clothing and off duty, saw this activity and pursued Plaintiff Williams on foot. According to Plaintiff Williams, Officer Valdez caught up to him and began beating him. Plaintiff Williams contends he was able to get away from Officer Valdez and go to Plaintiff Claudia Millan's apartment. Plaintiff Millan was Plaintiff Williams's girlfriend. At some point, Officer Valdez called for back up.

Plaintiffs allege that Officer Valdez subsequently went to Plaintiff Millan's apartment because he remembered once seeing Plaintiffs Williams and Millan together. Defendant Officer Victor Castillo arrived at the apartment at about the same time Officer Valdez did. Plaintiffs contend that when Officers Valdez and Castillo approached the apartment they heard shouting coming from the apartment's bathroom. Plaintiffs allege that Officers Valdez and Castillo went into the apartment ostensibly to perform a welfare check. Plaintiffs also allege that in entering the apartment, the Officers flung open the front door nearly striking Plaintiff Millan who was holding her infant, Jaime Millan. Once inside the apartment, the Officers handcuffed Plaintiff Williams. Plaintiff Millan and Jaime Millan witnessed this seizure and, according to Plaintiffs, Plaintiff Millan subsequently became "hysterical." Complaint at ¶16. Plaintiffs contend that the

2

Officers threatened to arrest Plaintiff Millan and have her infant taken away.

At some point after Plaintiff Williams was arrested, Defendant Officers Scott McCloud and J.P. Abeita arrived at the apartment. Plaintiff Williams asserts that once the Officers escorted him outside of the apartment the Officers hogtied him and beat him. Plaintiffs further contend that the Officers went back inside the apartment and rummaged through Plaintiff Millan's underwear drawer to retrieve a pair of red stockings to place over Plaintiff Williams's head. Plaintiff Williams alleges that the conduct of the Officers drove him "into a psychotic state causing him to call out for his mother and to hit his head upon plexiglass." Complaint at ¶24.

### 2. *Plaintiffs' Lawsuit*

The caption of Plaintiffs' lawsuit indicates that the Officers are being sued in both their individual and official capacities. Count I of the Complaint is a state common law tort claim by Plaintiff Williams against the Officers for personal injury. In Count II, Plaintiffs claim that the Officers violated Plaintiffs' rights to be free of unlawful searches and seizures in violation of the Fourth Amendment of the United States Constitution and Art. II, §10 of the Constitution of the State of New Mexico. Plaintiffs contend in Count III that the Officers violated 42 U.S.C. §1983 by using excessive force on Plaintiff Williams, unlawfully entering the yard and apartment where Plaintiffs resided, unlawfully threatening Plaintiff Millan, unlawfully arresting Plaintiff Williams, unlawfully searching Plaintiff Millan's underwear drawer, and unlawfully seizing her red stockings. Count IV is a state common law tort claim that the Officers intentionally and/or negligently inflicted emotional distress on Plaintiffs. In the alternative, Plaintiffs allege in Count IV that the Officers' conduct was simply negligent and caused Plaintiffs to suffer emotional

distress.[2]  Finally, Plaintiffs allege in Counts V, VI, and VII that Defendant City of Belen was negligent in its hiring, retention, and training of the Officers.

Defendants now move to dismiss Counts IV, V, VI, and VII under Fed. R. Civ. P. 12(b)(6) for failure to state a claim which would entitle Plaintiffs to relief.  The Court also will *sua sponte* determine if the Fourth Amendment claims raised in Count II and the §1983 official capacity claims against the Officers alleged in Count III should likewise be dismissed.

*B.  Standard of Review Under Rule 12(b)(6)*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *See id.*

---

[2]Strangely, in Count IV, Plaintiffs ask for a judgment against the "City Counselors [sic] of Belen" in addition to a judgment against the Officers.  The "City Counselors [sic] of Belen" are not named Defendants and so cannot be subject to any judgment in this case.

*C. Discussion*

    *1. Count IV: Intentional or Negligent Infliction of Emotional Distress, or in the Alternative, Negligence Causing Emotional Distress*

    In order to bring a claim against the Officers for torts committed while the Officers were acting within the scope of their duties, the Plaintiffs must show that damages resulting from those torts are recoverable under the New Mexico Tort Claims Act (NMTCA).  The NMTCA "'declares that governmental entities and public employees shall only be liable within the limitations of its provisions.  Governmental entities and public employees, while acting within the scope of their duties, are immune from tort liability except as waived by the [NMTCA].  The right to sue and recover is therefore specifically limited to the rights, procedures, limitations, and conditions of the [NMTCA].'" *Young v. Van Duyne*, 2004-NMCA-074 ¶12, 135 N.M. 695 (quoting *M.D.R. v. State ex rel. Human Servs. Dep't*, 114 N.M. 187, 188, 836 P.2d 106, 107 (Ct. App. 1992)).  In the context of tort liability concerning law enforcement officers, the NMTCA expressly waives immunity for "liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." NMSA 1978, §41-4-12 (1977).  The Officers argue that Count IV should be dismissed because the NMTCA does not waive immunity for any common law torts based on the infliction of emotional distress.

    In *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, 121 N.M. 646, 653, the New Mexico Supreme Court held that "[s]ection 41-4-12 does not ... provide

for a separate cause of action for the tort of negligent infliction of emotional distress in the list of enumerated common-law torts for which immunity is waived." Likewise, §41-4-12 does not include the tort of intentional infliction of emotional distress in its enumerated common law torts subject to waiver of immunity. *See Romero v. Otero*, 678 F.Supp. 1535, 1540 (D.N.M. 1987)("Defendants are correct that the Tort Claims Act does not waive the immunity of law enforcement officers for [intentional infliction of emotional distress] standing alone as a common law tort."). Simple negligence resulting in emotional distress is also not an enumerated common law tort under §41-4-12 for which immunity is waived. *See Caillouette v. Hercules, Inc.*, 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct. App.), *cert. denied*, 113 N.M. 352, 826 P.2d 573 (1992)("immunity is not waived for negligence standing alone."). In sum, §41-4-12 does not expressly include any common law tort action based on the infliction of emotional distress that would be subject to a wavier of immunity. Hence, the NMTCA necessarily bars Plaintiffs from bringing any infliction of emotional distress torts against the Officers for actions performed within the scope of their duties.[3] Consequently, Count IV will be dismissed with prejudice for failing to state a plausible cause of action under the NMTCA.

---

[3]Although infliction of emotional distress causes of action are not allowed under §41-4-12, a plaintiff may still seek mental pain and suffering damages caused by physical or personal injuries. *See Romero*, 678 F.Supp. at 1540 ("Damages for emotional distress ... may be recoverable as damages for 'personal injury' resulting from one of the enumerated acts [in §41-4-12];" *Higgins v. Hermes*, 89 N.M. 379, 381, 552 P.2d 1227, 1229 (Ct. App. 1976) ("It is not disputed that under New Mexico law damages can be recovered for mental pain and suffering as a consequence of physical injuries.").

    *2. Counts V, VI, and VII: Negligent Retention, Hiring and Training by Defendant City of Belen*

    Defendant City of Belen argues that Counts V, VI, and VII should be dismissed under §41-4-12 because Defendant City of Belen is not a "law enforcement officer" as defined by the NMTCA.  Although Defendant City of Belen is obviously not a law enforcement officer for the purpose of applying §41-4-12, the waivers of immunity in the NMTCA "contemplate suing the immediate supervisory <u>entity</u> of the public employee involved." *Abalos v. Bernalillo County Dist. Atty's Office*, 105 N.M. 554, 559, 734 P.2d 794, 799 (Ct. App. 1987)(emphasis added).  To name a governmental entity like a city in an NMTCA action, two requirements must be satisfied: "(1) a negligent public employee who meets one of the waiver exceptions under Sections 41-4-5 to -12; and (2) an entity that has immediate supervisory responsibilities over the employee." *Id*.  Counts V, VI, and VII fail to identify a public employee who meets the waiver exceptions under §41-4-12 and who engaged in negligent hiring, retention, and training. Counts V, VI, and VII, therefore, do not state plausible NMTCA claims against Defendant City of Belen.

    *3. Sua Sponte Dismissals of Claims*

    A district court may *sua sponte* dismiss a plaintiff's claim under Fed. R. Civ. P. 12(b)(6) if "'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 125 S.Ct. 360 (2004)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).  In this case, the Court will examine the Fourth Amendment claims alleged in Count II and the §1983 official capacity claims apparently made in Count III.

*a. The Fourth Amendment Claims Alleged in Count II*

Count II is based, in part, on the claim that the Officers violated Plaintiffs' Fourth Amendment rights under the United States Constitution.  Plaintiffs do not have a cause of action directly under the United States Constitution but rather must pursue any alleged constitutional violations under 42 U.S.C. §1983.  *See, e.g., Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir 1992), *cert. denied*, 506 U.S. 1081 (1993).  Consequently, Plaintiffs have failed to state a plausible cause of action under the Fourth Amendment of the United States Constitution.  However, since these Fourth Amendment claims have essentially been raised properly under §1983 in Count III, the Court will *sua sponte* dismiss without prejudice the Fourth Amendment claims raised in Count II so that those claims can be considered in the context of Count III.

*b. §1983 Official Capacity Claims Alleged in Count III*

The caption of Plaintiffs' Complaint shows that the Officers are being sued in both their individual and official capacities. The allegations in the various Counts do not indicate in what capacity the Officers are being sued. The Court, therefore, assumes that in Count III Plaintiffs are bringing §1983 claims against the Officers in both their individual and official capacities. The United States Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989).  Hence, Plaintiffs have not plead a plausible §1983 cause of action against the Officers in their official capacities.  Accordingly, the §1983 official capacity claims alleged in Count III will *sua sponte* be dismissed with prejudice.

IT IS ORDERED that

1. Defendants' Motion to Dismiss Counts IV, V, VI, and VII of Plaintiffs' Complaint (Doc. No. 21) is granted,

2. Counts IV, V, VI, and VII will be dismissed with prejudice,

3. the Fourth Amendment claims alleged in Count II will be dismissed without prejudice, and

4. the §1983 official capacity claims alleged in Count III against the Officers in their official capacities will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE